158

HOOD & WHEELER FURNITURE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21048.   Promulgated February 16, 1931.

*Borden Burr, Esq.*, and *George W. Yancey, Esq.*, for the petitioner.
*Hartford Allen, Esq.*, for the respondent.

160

OPINION.

TRAMMELL: The evidence shows that the petitioner regularly sold furniture on the installment plan, and it is not disputed that the petitioner is entitled to the optional method of accounting for the income from its installment sales as provided in sections 1208 and 212 (d) of the Revenue Act of 1926, provided, however, that the books of account enable a satisfactory ascertainment of the net income upon such basis. After a consideration of the testimony, we are satisfied that the books of account afforded a foundation for a satisfactory determination of the gross profits on the installment basis. This conclusion reduces the issue to a factual redetermination of the, amount of net income.

The return filed by the petitioner for the taxable year, being an " original " return, changing to the installment sales basis, and hav-

ing been filed prior to February 26, 1926, comes within the retroactive provisions of section 705 of the Revenue Act of 1928 which follow:

(a) If any taxpayer by an original return made prior to February 26, 1926, changed the method of reporting his net income for the taxable year 1924 or any prior taxable year to the installment basis, then, if his income for such year is properly to be computed on the installment basis—

\* \* \* \* \* \* \*

(2) No deficiency shall be determined or found in respect of any such taxes unless the taxpayer has underpaid his taxes for such year, computed by excluding, in computing income, amounts received during such year on account of sales or other dispositions of property made in any year prior to the year in respect of which the change was made.

In view of the above statutory provisions we dismiss from consideration any amount of income realized through collections in the taxable year out of sales made in prior years the profits from which were included in income in the prior-year returns on the accrual basis.

The respondent offered some objection to the method used by the petitioner in accounting for repossessions. In computing the gross profit on installment sales for the taxable year the petitioner valued the repossessed goods through credits to the accounts of customers for the amounts of the unpaid balances; some of the goods repossessed in the taxable year were sold in a previous year. We are satisfied, however, that any errors in thus reporting repossessions were not due to the absence of basic facts obtainable from the records. The correct income was ascertainable.

These errors of the petitioner are immaterial, for if all of the repossessions, at book value, are treated entirely against the petitioner, and all of the bad debts claimed in the return are excluded from the deductions, still the allowed and undisputed deductions will exceed any amount of revised income and there would, in no event, be a deficiency in this case.

*Decision will be entered of no deficiency.*